UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MELISSA ANN M., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. 2:18-CV-01306-DWC <br><br> ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of her application for supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 5.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when he failed to provide specific, legitimate reasons supported by substantial evidence for giving little weight Dr. Luci Carstens' medical opinion. Had the ALJ properly considered Dr. Carstens' opinion, Plaintiff's residual functional capacity ("RFC") may have included additional limitations. The ALJ's errors are, therefore, not harmless, and this matter is reversed and

remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of Social Security ("Commissioner") for further proceedings consistent with this Order.[1]

FACTUAL AND PROCEDURAL HISTORY

On February 24, 2014, Plaintiff filed an application for SSI, alleging disability as of October 1, 2012. *See* Dkt. 8, Administrative Record ("AR") 20. The application was denied upon initial administrative review and on reconsideration. *See* AR 20. A hearing was held before ALJ Cheri Filion on March 16, 2016. *See* AR 40-96. A second, supplemental, hearing was held before ALJ Keith Allred on June 12, 2017. AR 97-130. In a decision dated August 30, 2017, ALJ Allred determined Plaintiff was not disabled. *See* AR 20-33. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-5; 20 C.F.R. § 404.981, § 416.1481.[2]

In the Opening Brief, Plaintiff maintains the ALJ erred by failing to properly: (1) consider the medical opinion evidence and (2) consider Plaintiff's subjective symptom testimony. Dkt. 10, p. 2. Plaintiff requests remand for an award of benefits. *Id*. at pp. 17-18.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

---

[1] The Court notes Defendant's brief does not appear to comply with Local Rule 10(e)(1). *See* Dkt. 11. Defendant's brief is not proportionally spaced, in that, the lettering and spacing is condensed. Defendant is directed to ensure briefs filed with this Court comply with Local Rule 10.

[2] Plaintiff also filed applications for SSI on July 11, 2011 and December 28, 2012. AR 20. The applications were denied and Plaintiff did not appeal the denials. AR 20. The 2011 and 2012 applications are not at issue in this case.

# DISCUSSION

## I. Whether the ALJ properly considered the medical opinion evidence.

Plaintiff contends the ALJ erred in his evaluation of the medical opinions of Dr. Luci Carstens, Ph.D. and Ms. Laura Landstrom, LMHCA. Dkt. 10, pp. 3-12.

### A. Dr. Carstens

First, Plaintiff contends the ALJ erred when he gave little weight to Dr. Carstens' opinion. Dkt. 10, pp. 3-8. The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (citing *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

On May 2, 2016, Dr. Carstens, an examining psychologist, completed a Psychological/Psychiatric Evaluation of Plaintiff. AR 666-77. Dr. Carstens conducted a clinical interview, a mental status examination ("MSE"), and a Personality Assessment Inventory of Plaintiff. AR 666-77. She documented her clinical findings, including Plaintiff's diagnoses. AR 666-77. Dr. Carstens opined Plaintiff was severely limited in her ability to adapt to changes in a routine work setting, communicate and perform effectively in a work setting, maintain

appropriate behavior in a work setting, and complete a normal work day and work week without interruptions from psychologically based symptoms. AR 669. She found Plaintiff markedly limited in understanding, remembering and persisting in tasks by following detailed instructions and performing activities within a schedule, maintaining regular attendance, and being punctual within customary tolerances without special supervision. AR 669. Dr. Carstens also opined Plaintiff was moderately limited in learning new tasks, performing routine tasks without special supervision, being aware of normal hazards and taking appropriate precautions, and setting realistic goals and planning independently. AR 669. Dr. Carstens found Plaintiff's overall severity rating to be "marked." AR 669.

The ALJ gave little weight to Dr. Carstens' opinion that Plaintiff has marked to severe mental health limitations, because:

> Dr. Carstens (1) based her opinion on a single interview and exam as is seen on page 1 of her report, i.e., "[n]o records were available for review." As seen in Dr. Bargreen's reports, there are concerns about the claimant's veracity, particularly with regards to substance abuse. This in turn reduces the persuasiveness of Dr. Carstens' opinion, as the claimant may not have been entirely candid with her either. (2) Dr. Carstens also did not provide an adequate explanation of the check-box portion of her opinion and explain, with citations to persuasive evidence, how and why the claimant has marked to severe mental limitations. (3) I also note that Dr. Carstens had only the claimant's report on which to base her opinion, which somewhat reduces its persuasive power.

AR 30-31 (internal citations omitted, numbering added).

First, the ALJ discounted Dr. Carstens' opinion because her opinion was based on a single interview and examination. AR 30-31. An examining doctor, by definition, does not have a treating relationship with a claimant and usually only examines the claimant one time. *See* 20 C.F.R. § 404.1527. "When considering an examining physician's opinion . . . it is the quality, not the quantity of the examination that is important. Discrediting an opinion because the examining doctor only saw claimant one time would effectively discredit most, if not all, examining doctor

opinions." *Yeakey v. Colvin*, 2014 WL 3767410 at *6 (W.D. Wash. July 31, 2014). Therefore, the ALJ improperly rejected Dr. Carstens' opinion because it was based on a one-time examination.

In finding Dr. Carstens' opinion was based on a one-time examination, the ALJ noted Dr. Carstens did not review other records when forming her opinion. AR 30-31. In reaching her opinion, Dr. Carstens relied on her own observations, results from the MSE she administered, a Personality Assessment Inventory of Plaintiff, and Plaintiff's reported mental health history and subjective complaints. AR 666-77. Defendant does not cite, nor does the Court find, authority holding an examining physician's failure to supplement her own examination and observations with additional records is, alone, a specific and legitimate reason to give less weight to the opinion. *See* Dkt. 11. Accordingly, the Court finds the ALJ's first reason for giving little weight to Dr. Carstens' opinion is not specific and legitimate and supported by substantial evidence.

Second, the ALJ gave little weight to Dr. Carstens' opinion because Dr. Carstens did not provide an adequate explanation of the check-box portion of her opinion. AR 30. An ALJ may "permissibly reject[ ] ... check-off reports that [do] not contain any explanation of the bases of their conclusions." *Molina v. Astrue*, 674 F.3d 1104, 1111-12 (9th Cir. 2012) (internal quotation marks omitted) (quoting *Crane v. Shalala,* 76 F.3d 251, 253 (9th Cir.1996)). But, "opinions in check-box form can be entitled to substantial weight when adequately supported." *Neff v. Colvin*, 639 Fed. Appx. 459 (9th Cir. 2016) (internal quotation marks omitted) (citing *Garrison v. Colvin*, 759 F.3d 995, 1013 (9th Cir. 2014)).

Here, Dr. Carstens' opinion was not merely a check-box form. Dr. Carstens' completed a Washington State Department of Social and Health Services evaluation form. *See* AR 666-77.

While she opined to several limitations in "check-off" format, Dr. Carstens' opinion includes notes from her clinical interview, clinical findings, and an MSE and Personality Assessment Inventory of Plaintiff. *See* AR 666-77. Dr. Carstens' report detailed several abnormal test results, which support her opinion. *See* AR 666-77. For example, during the MSE, Dr. Carstens found Plaintiff was not within normal limits in orientation, perception, memory, fund of knowledge, attention/concentration, abstract thought, and insight and judgment, which support her opinion. AR 670-71. As Dr. Carstens' opinion included testing and results relevant to the opined limitations, her opinion was not merely a check-box form. Accordingly, the ALJ's finding that Dr. Carstens did not provide an adequate explanation for the check-box portion of the opinion is not a specific, legitimate reason supported by substantial evidence for discounting the opinion. *See Smith v. Astrue*, 2012 WL 5511722, at *6 (W.D. Wash. Oct. 25, 2012) (holding an ALJ erred by rejecting an examining physician's opinion as a "check-off" report where the physician "conducted a clinical interview, [and] report[ed] his findings and observations" in the report).

Third, the ALJ discounted Dr. Carstens' opinion because it was based on Plaintiff's self-reports. AR 31. An ALJ may reject a physician's opinion "if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (quoting *Morgan v. Comm'r. Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999)). This situation is distinguishable from one in which the doctor provides her own observations in support of her assessments and opinions. *See Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008). "[W]hen an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (citing *Ryan*, 528

F.3d at 1199-1200). Notably, a psychiatrist's clinical interview and MSE are "objective measures" which "cannot be discounted as a self-report." *See Buck*, 869 F.3d at 1049.

In *Buck*, the Ninth Circuit noted "[p]sychiatric evaluations may appear subjective, especially compared to evaluation in other medical fields." 869 F.3d at 1049. "Diagnoses will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient. But such is the nature of psychiatry. Thus, the rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness." *Id*. (internal citations omitted).

Here, the ALJ failed to explain how Dr. Carstens' opinion was based on Plaintiff's subjective reports. *See* AR 30-31; *Embrey*, 849 F.2d at 421-22 ("it is incumbent on the ALJ to provide detailed, reasoned, and legitimate rationales for disregarding the physicians' findings[;]" conclusory reasons do "not achieve the level of specificity" required to justify an ALJ's rejection of an opinion). At most, the ALJ cited to a different doctor's findings that Plaintiff was not credible and found, without explanation, that Plaintiff "may not" have been entirely candid with Dr. Carstens. *See* AR 30-31. But, there is no indication Plaintiff was not candid with Dr. Carstens, nor is there evidence Dr. Carstens found Plaintiff not credible. *See* AR 670 (finding no evidence of malingering or factitious behavior).

Further, the record does not show Dr. Carstens relied more heavily on Plaintiff's self-reported symptoms than on other information and objective evidence. *See* AR 666-77. Rather, in reaching her opinion, Dr. Carstens observed Plaintiff and conducted a clinical interview, an MSE, and a Personality Inventory Assessment of Plaintiff. *See* AR 666-77. Dr. Carstens did not discredit Plaintiff's subjective reports and supported her ultimate opinion with objective testing, personal observations, and a clinical interview. As the ALJ's finding was conclusory and as Dr.

Carstens' opinion was not more heavily based on Plaintiff's self-reports, the ALJ's third reason for discounting Dr. Carstens' opinion is not specific and legitimate and supported by substantial evidence.

For the above stated reasons, the Court concludes the ALJ failed to provide specific, legitimate reasons supported by substantial evidence for assigning little weight to Dr. Carstens' opinion. Accordingly, the ALJ erred.

"[H]armless error principles apply in the Social Security context." *Molina*, 674 F.3d at 1115. An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The Ninth Circuit has stated "'a reviewing court cannot consider an error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (quoting *Stout*, 454 F.3d at 1055-56). The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Had the ALJ given great weight to Dr. Carstens' opinion, the ALJ would have included additional limitations in the RFC. For example, Dr. Carstens found Plaintiff severely limited in her ability to adapt to changes in a routine work setting and in her ability to complete a normal work day and work week without interruptions from psychologically based symptoms. AR 669. In contrast, in the RFC, the ALJ found Plaintiff "can deal with changes in a routine work setting"

and did not include any absenteeism or productivity limitations. *See* AR 25. Therefore, if Dr. Carstens' opinion was given great weight and additional limitations were included in the RFC and in the hypothetical questions posed to the vocational expert, the ultimate disability determination may have changed. Accordingly, the ALJ's errors are not harmless and require reversal.

B. Remaining Medical Opinions

Plaintiff next contends the ALJ failed to provide germane reasons for discounting the medical opinion of Ms. Landstrom, Plaintiff's mental health counselor. Dkt. 10, pp. 8-12. Additionally, in arguing the ALJ erred when he gave little weight to Dr. Carstens' opinion, Plaintiff asserts the ALJ erred by giving too much weight to the opinions of Drs. Bargreen, Clifford, Comrie, and Hander. The Court has found the ALJ erred in his consideration of Dr. Carstens' opinion and this case must be remanded for further consideration of the medical evidence. *See* Section I.A., *supra*. As this case must be remanded, the Court declines to consider whether the ALJ erred in consideration of the remaining medical opinions. Rather, the Court directs the ALJ to re-evaluate all the medical evidence, including Ms. Landstrom's opinion, on remand.

**II. Whether the ALJ provided proper reasons for discounting Plaintiff's subjective symptom testimony.**

Plaintiff contends the ALJ failed to give clear and convincing reasons for rejecting Plaintiff's testimony about her symptoms and limitations. Dkt. 10, pp. 12-18. The Court concludes the ALJ committed harmful error in assessing the medical opinion evidence and must re-evaluate all the medical evidence on remand. *See* Section I, *supra*. Because Plaintiff will be able to present new evidence and new testimony on remand and because the ALJ's reconsideration of the medical evidence may impact his assessment of Plaintiff's subjective

testimony, the ALJ must reconsider Plaintiff's testimony on remand. The Court notes Defendant concedes the ALJ's decision to discount Plaintiff's subjective symptom testimony because of Plaintiff's criminal history, history of drug abuse, participation in drug court, and use of caffeine and nicotine was error. Dkt. 11, pp. 5-6. Therefore, on remand, the ALJ shall not discount Plaintiff's testimony for these reasons.

**III.     Whether this case should be remanded for an award of benefits.**

Plaintiff argues this matter should be remanded with a direction to award benefits. *See* Dkt. 10, pp. 17-18. The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

The Court has determined, on remand, the ALJ must re-evaluate the medical evidence. The ALJ's re-evaluation of the medical evidence may require the ALJ to re-evaluate whether Plaintiff is capable of performing jobs existing in significant numbers in the national economy.

Therefore, there are outstanding issues which must be resolved and remand for further administrative proceedings is appropriate.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 12th day of April, 2019.

*[signature]*

David W. Christel
United States Magistrate Judge